UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH SMITH,
    Plaintiff,

-vs.-                              **DEMAND FOR JURY TRIAL**

LAW OFFICES OF TIMOTHY E. BAXTER, P.C.
a Michigan professional corporation,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Deborah Smith, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is The Law Offices of Timothy E. Baxter which is a Michigan company that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Muskegon County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to HSBC in the amount of $6,061.21.

7. Plaintiff does not owe this alleged debt. Rather, Plaintiff's neighbor, whose name is also Deborah Smith, owes this alleged debt.

8. Sometime in April 2013, Plaintiff received a Summons and Complaint that was personally served by a court officer. The Complaint listed NCEP, LLC as the Plaintiff, who was being represented by Timothy E. Baxter & Associates. The name of the Defendant was Deborah S. Smith. Plaintiff's middle name begins with an S.

9. On this same day, Plaintiff called Defendant's office to inform it that it had the wrong person. During this conversation, Plaintiff told Defendant that she did not owe the alleged debt. Defendant asked Plaintiff what her date of birth was and what the last four numbers of her social security number were. Plaintiff gave this information to Defendant and Defendant confirmed that they did not match up with the information that it had on the consumer from whom it was attempting to collect. Defendant told Plaintiff that it would

"take care of the problem" and that the case against her would be dropped since she was not the Deborah Smith that it was seeking to sue.

10. On or about July 23, 2013, Plaintiff received a letter from the 60th District Court stating that there was a Default entered regarding NCEP, LLC v Deborah S. Smith and that the Judge required a hearing before the judgment would be signed.

11. Sometime after July 23, 2013, Plaintiff called Defendant and again informed it that it had sued the wrong Deborah Smith. During this conversation, Plaintiff gave Defendant the Deborah Smith's address and phone number from which the Defendant was seeking to collect.

12. On or about July 29, 2013, a Default Judgment was entered against the Plaintiff.

13. On or about August 5, 2013, Plaintiff received this Default Judgment from Defendant in her mail.

14. When Plaintiff received this Default Judgment in the mail, which was sometime around August 5, 2013, Plaintiff called Defendant yet again and told it again that it had the wrong person. During this conversation, Plaintiff told Defendant that she had previously given them the proper Deborah Smith's address and phone number. Defendant told Plaintiff that she would have to deal with it on her own and that they it was not going to stop the judgment against her.

15. On or about August 8, 2013, Plaintiff went to the 60th District Court and filed a Motion to Set Aside the Default. A hearing was scheduled on this for August 29, 2013.

16. The 60th District Court granted Plaintiff's Motion to Set Aside the Default.

17. To date, Plaintiff never received any demand letter from Defendant.

18. On or about August 14, 2013, Plaintiff received a letter from Defendant attempting to collect the Judgment in the amount of $6,240.28.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

22. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

24. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

27. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

29. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

30. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

33. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

34. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

35. Plaintiff has suffered damages as a result of these violations of the MCPA.

36. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

### DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

    b.   Statutory damages.

    c.   Treble damages.

    d.   Statutory costs and attorney fees.


Respectfully submitted,


September 9, 2013
          /s/ Gary Nitzkin
          GARY D. NITZKIN  P41155
          TRAVIS SHACKELFORD P68710
          MICHIGAN CONSUMER CREDIT LAWYERS
          Attorneys for Plaintiff
          22142 West Nine Mile Road
          Southfield, MI 48033
          (248) 353-2882
          Fax (248) 213-6397
          Email – gary@micreditlawyer.com